IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ROBERT NANOMANTUBE,

        Plaintiff,

vs.                              **Case No. 09-4107-RDR**

THE KICKAPOO TRIBE IN
KANSAS, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This is an employment discrimination action brought by the plaintiff against the Kickapoo Tribe in Kansas, the Kansas Kickapoo Tribe in Kansas Tribal Council, and the Golden Eagle Casino pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is presently before the court upon defendants' motion to dismiss. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In his complaint, plaintiff, a Native American, alleges that the defendants discriminated against him because of his race in failing to hire him as General Manager for the Golden Eagle Casino. Plaintiff had been the Acting General Manager of the casino prior to the decision to hire someone else. He alleges further that he was terminated following the decision by the defendants to hire a non-Native American to the position of General Manager.

In the instant motion, the defendants contend that dismissal is appropriate for two reasons. First, they contend that the court

lacks subject matter jurisdiction because they are entitled to sovereign immunity. Second, they assert that plaintiff has failed to exhaust tribal court remedies.

Although the defendants have not specifically relied upon Fed.R.Civ.P. 12(b)(1), it is reasonable to conclude that they raise sovereign immunity as a defense to subject matter jurisdiction under Rule 12(b)(1). <u>Normandy Apts., Ltd. v. U.S. Dept. of Housing and Urban Dev.</u>, 554 F.3d 1290, 1295 (10th Cir. 2009) ("The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject matter jurisdiction where applicable."). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See <u>Southway v. Cent. Bank of Nigeria</u>, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed.R. Civ.P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." <u>Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell</u>, 363 F.3d

1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendants have facially attacked the sufficiency of the complaint's allegations concerning the existence of subject matter jurisdiction. In analyzing such motions to dismiss, the court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

Indian tribes enjoy the same immunity from suit enjoyed by sovereign powers and are "subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). "To abrogate tribal immunity, Congress must 'unequivocally' express that purpose," and "to relinquish its immunity, a tribe's waiver must be 'clear.'" C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla., 532 U.S. 411, 418 (2001) (citations omitted).

This court has previously determined that the doctrine of sovereign immunity precluded an employment discrimination claim under Title VII against the Kickapoo Tribe by a former casino employee. Hartman v. Golden Eagle Casino, 243 F.Supp.2d 1200 (D.Kan. 2003). Plaintiff, however, asserts an issue that was not raised in Hartman. Plaintiff, relying upon the employee handbook produced by the Kickapoo Tribe for casino employees, asserts that

3

the Tribe has waived its sovereign immunity on Title VII claims. Specifically, plaintiff points to the following language that is contained in the employee handbook:

> The Golden Eagle Casino will comply with the provisions of Title VII of the Civil Rights Act of 1964, and the Tribal Employment Rights Ordinance of the Kickapoo Tribe in Kansas.

Based upon this language, plaintiff contends that the Tribe has unequivocally waived sovereign immunity. Plaintiff relies upon the Tenth Circuit's decision in <u>Native American Distributing [NAD] v. Seneca-Cayuga Tobacco</u>, 546 F.3d 1288 (10th Cir. 2008) for support of his position.

In <u>NAD</u>, the Tenth Circuit considered an action brought by a tobacco distributor against a tobacco manufacturer, which was a business initiated by an Indian tribe. The tribe sought to dismiss the action based upon sovereign immunity. Plaintiff argued that the tobacco manufacturer was not an enterprise of the tribe and, even if it were, the "sue and be sued" clause of the tribe's corporate charter for the tobacco manufacturer had waived sovereign immunity. The district court dismissed plaintiff's complaint, finding that the tobacco manufacturer was entitled to sovereign immunity. On appeal, the Tenth Circuit affirmed.

Plaintiff's reliance upon <u>NAD</u> is misplaced. In <u>NAD</u>, the Tenth Circuit considered whether the tobacco manufacturer was a division of the tribe and, thus, would necessarily enjoy sovereign immunity or whether it was a division of the tribal corporation and, thus,

4

subject to suit because the "sue and be sued" clause in the corporate charter waived tribal sovereign immunity. Here, there is no question that the Golden Eagle Casino is a division of the Kickapoo Tribe and is entitled to sovereign immunity absent waiver of that immunity. Plaintiff somehow suggests that the language contained in the employee handbook is the equivalent of the "sue and be sued" clause contained in the corporate charter in NAD. We cannot agree. We are not persuaded that anything in NAD commands a specific result here. The particular facts of NAD differ substantially from the facts here.

The issue is simply whether the language in the employee handbook constitutes an "unequivocal waiver" of sovereign immunity by the Kickapoo Tribe. Plaintiff argues that the use of the word "comply" means "to yield," "to accept," or "to act in accordance with." Plaintiff further contends that the use of the words "provisions of Title VII" means that the tribe has agreed to follow all of the aspects of Title VII, including those portions that indicate that actions for violations may be prosecuted in all federal district courts in the United States. See 42 U.S.C. § 2000e-5(f)(3).

The court will readily admit that plaintiff's counsel has raised an interesting issue and has done an excellent job with some difficult legal barriers. Nevertheless, the court is not persuaded that plaintiff has demonstrated that the tribe has "unequivocally

5

waived" sovereign immunity. The language contained in the employee handbook is simply an indication that the tribe will not discriminate in employment matters. It does not constitute an express and unequivocal waiver of sovereign immunity and consent to be sued in federal court on the claim alleged by plaintiff. The court finds no showing by plaintiff that the Kickapoo Tribe has waived its sovereign immunity.

The court's determination is supported by the decisions of other courts who have considered similar issues. See <u>Dillon v. Yankton Sioux Tribe Housing Authority</u>, 144 F.3d 581, 584 (8th Cir. 1998) (tribal housing authority, which was sued by former employee for civil rights violations after he was terminated from employment, did not waive sovereign immunity even though tribe had entered into an agreement with federal government to abide by civil right statutes); <u>Hagen v. Sisseton-Wahpeton Community College</u>, 205 F.3d 1040, 1044 n. 2 (8th Cir. 2000) (college operated by Indian tribe, which was sued by former employees alleging race discrimination, did not waive sovereign immunity when it executed certificate of assurance with federal government in which it agreed to abide by Title VI of the Civil Rights Act of 1964); <u>Sanderlin v. Seminole Tribe of Florida</u>, 243 F.3d 1282, 1289 (11th Cir. 2001) (tribe, which was sued by former employee for disability discrimination under the Rehabilitation Act, did not waive sovereign immunity when it accepted federal funds contingent on

compliance with the Rehabilitation Act); <u>Demontiney v. U.S. ex rel. Dept. of interior, Bureau of Indian Affairs</u>, 255 F.3d 801, 814 (9th Cir. 2001) (tribe, which was sued by tribal member for breach of contract, did not waive sovereign immunity when it incorporated Indian Civil Rights Act into its constitution and bylaws).

In sum, the court finds that the defendants' motion to dismiss for lack of jurisdiction must be granted.  The Kickapoo Tribe and its subdivisions enjoy sovereign immunity from the claims asserted by the plaintiff. Accordingly, the court lacks subject matter jurisdiction here.  With this decision, the court need not consider the defendants' other argument concerning exhaustion of tribal remedies.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss for lack of jurisdiction (Doc. # 8) be hereby granted.  This action shall be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2009 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge